IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17 CV 45

| | |
|---|---|
| CHARLES BUTTS, DEREK BUTTS, ZACHARY BOYER and GARRETT PHILLIPS, )<br>)<br>)<br>)<br>Plaintiffs )<br>) **ORDER**<br>v )<br>)<br>SCI-COOL ACQUISITION COMPANY, LLC, THOMAS BAUGH III, NORMAN ISLAND ADVISORS, LLC, THOMAS CAUGH IV, MICHELE ANDERSON, DAVID V. GUST, ISLAND FOREST ENTERPRISES, LLC, NORMAN ISLAND PARTNERS, LLC, ISLAND FOREST INDUSTRIAL, LLC, INDUSTRIAL DYNAMICS and ALLIED PRECISION COMPONENTS, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | |

This matter is before the undersigned pursuant to a Rule 26(F) Certification and Report (#7) filed by counsel for Plaintiffs and for Defendants Sci-Cool Acquisition Company, LLC and David V. Gust which the Court has considered as a motion that the Court enter Pretrial Order and Case Management Plan.

Local Rule of Civil Procedure 16.1 entitled "Pretrial Conferences" provides as follows:

**(A) Initial Attorney's Conference.** As soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P.26(f), and conduct an "Initial Attorney's Conference" ("IAC").

Joinder of issues is defined as follows:

LCvR 16.1(D)

**(D) Joinder of the Issues.** For the limited purpose of these Local |Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or cross claim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless otherwise ordered by the Court.

An examination of the Certification and Report (#7) and an examination of the file in this matter shows that joinder of issues has not yet occurred in this matter. Only the Defendants Sci-Cool Acquisition Company, LLC and David V. Gust have filed an Answer. There is no showing of service on any of the other nine defendants. To enter a Pretrial Order and Case Management Plan without there being joinder of issues would be an uneconomic and wasteful use of judicial resources.

In the Certification and Report, the parties state as follows:

Not all of the named defendants have been served in this matter, and some remain unrepresented. In the event any new counsel makes an appearance for the unrepresented defendants, counsel submitting this report will convene another Rule 26(f) Conference, and submit an amended Rule 26(f) Report, as soon as possible after the appearance of

any new counsel.

The use of such a procedure would result in disjointed discovery and also result in the Court having to prepare possible multiple Pretrial Orders and Case Management Plans in this case.

As a result of the foregoing, the undersigned will decline to enter a Pretrial Order and Case Management Plan in this matter until there has been joinder of issues with all Defendants. After joinder of issues has occurred, then the parties will be directed to provide a new Certification and Report during the time limits as set forth in the Local Rules.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Rule 26(F) Certification and Report (#7), which the Court has considered as a motion to enter a Pretrial Order and Case Management Plan is **DENIED** without prejudice. The parties are directed to present a new Certification and Report after there has been joinder of issues in this case in accordance with the time limits and rules as set forth in the Local Rules of Civil Procedure.

Signed: March 22, 2017

Dennis L. Howell
United States Magistrate Judge