## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:17-cv-00045-MR-DLH

| | | |
|---|---|---|
| CHARLES BUTTS, DEREK BUTTS, ZACHARY BOYER, and GARRETT PHILLIPS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| SCI-COOL ACQUSITION COMPANY, LLC, THOMAS BAUGH III, NORMAN ISLAND ADVISORS, LL, THOMAS BAUGH IV, MICHELE ANDERSON, DAVID V. GUST, ISLAND FOREST ENTERPRISES, LLC, NORMAN ISLAND PARTNERS, LLC, ISLAND FOREST INDUSTRIAL, LLC, INDUSTRIAL DYNAMICS, and ALLIED PRECISION COMPONENTS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Sci-Cool Acquistion Company,

LLC's Motion to Dismiss [Doc. 14].[1]

---

[1] Defendant David V. Gust also joined in the Motion to Dismiss. [See Doc. 14]. However, on August 10, 2017, the Plaintiffs filed a Stipulation of Dismissal regarding all of the claims asserted against Defendant Gust. [Doc. 23].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 6, 2016, the Plaintiffs filed this action in the Buncombe County General Court of Justice, Superior Court Division, against the Defendants, asserting claims for breach of contract, breach of fiduciary duty, conversion, fraud, and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. 75-1.1, et seq. [Doc. 1-1]. Specifically, the Plaintiffs contend that the Defendants breached their employment agreements with the Plaintiffs by, among other things, failing to pay withheld employment taxes and failing to report the Plaintiffs' wages to the North Carolina Employment Security Commission. In addition, Plaintiff Derek Butts asserts claims for compensation for an alleged workplace injury. [Id.].

On February 10, 2017, the Defendant Sci-Cool Acquisition Company, LLC ("Sci-Cool") filed a Notice of Removal of this action to this Court, on the basis of the existence of a federal question. [Doc. 1]. Specifically, Sci-Cool contended that because some of the Plaintiffs' claims were based on Sci-Cool's alleged failure to comply with the Federal Insurance Contributions Act, 26 U.S.C. § 3121, et seq. ("FICA"), the Plaintiffs' civil action "arises under the laws of the United States." [Id. at 2].

On April 25, 2017, Sci-Cool filed the present motion, seeking to dismiss this action. In pertinent part, Sci-Cool argued that the Plaintiffs' claims based

on Sci-Cool's failure to pay FICA taxes are barred on the grounds that there is no private right of action under federal law to enforce payment of FICA amounts to the Internal Revenue Service. [Doc. 14].

After the Motion to Dismiss was filed, the Court learned that the Plaintiffs' counsel had abandoned her practice without notice to the Plaintiffs. Accordingly, the Court stayed the action to allow the Plaintiffs the opportunity to retain new counsel. [Doc. 20]. On August 9, 2017, attorney George Moore filed a notice of appearance on behalf of the Plaintiffs. [Doc. 21]. On the same day, he filed a response in opposition to Sci-Cool's motion. [Doc. 22]. No reply was filed. Accordingly, this matter has been fully briefed and is ripe for disposition.

## II.    DISCUSSION

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, Sci-Cool contends that the Plaintiffs have asserted claims upon which relief cannot be granted because there is no private right of action under federal law to compel an employer to pay amounts withheld under FICA. [Doc. 14]. The Plaintiffs agree with the Defendants' contention that there is no such private right of action, but they contend that their Complaint does not seek any relief on that basis. Rather, they argue, their "claims and requests for relief are based solely on North Carolina law." [Doc. 22 at 2].

As the parties concede, there is no private right of action under FICA. See Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 67 (3d Cir. 2008); McDonald v. Southern Farm Bureau Life Ins. Co., 291 F.3d 718, 726 (11th Cir. 2002). Reviewing the Plaintiffs' Complaint, it is evident that the Plaintiffs have alleged claims for breach of contract, breach of fiduciary duty, conversion, fraud, and unfair and deceptive trade practices, all of which arises solely under state law. As the Plaintiffs have not alleged a claim under FICA and there are no other federal issues appearing on the face of the Complaint, it appears that the Court lacks any subject matter jurisdiction over this matter. Accordingly, this matter shall be remanded to the Buncombe County General Court of Justice, Superior Court Division, for further proceedings.

**IT IS, THEREFORE ORDERED** that this case is hereby **REMANDED** to the Buncombe County General Court of Justice, Superior Court Division.

**IT IS SO ORDERED.**

Signed: September 29, 2017

Martin Reidinger
United States District Judge